William C. Conkle (SB# 76103)
   bill@conkle.us
Christina Olesten (SB# 102839)
   christina@conkle.us
CONKLE & OLESTEN, P.C.
11835 W. Olympic Blvd. Ste. 1235
Los Angeles, California  90064
Phone: (310) 704-4000 • Fax: (310) 312-6680

Attorneys for Plaintiff mophie, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DATA FLASH, INC.  and DOES 1 - 10,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT**<br><br>2. **FEDERAL UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**<br><br>3. **FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION**<br><br>4. **UNFAIR BUSINESS PRACTICES**<br><br>5. **COMMON LAW UNFAIR COMPETITION; AND**<br><br>6. **COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION**

1.     This Court has original subject matter jurisdiction over the claims that relate to trademark infringement; false designation of origin; trade dress infringement; federal unfair competition; and trade dress infringement pursuant to sections 34(a) and 39(a) of the Lanham Act and 15 U.S.C. §§1116(a) and 1121(a); and copyright infringement under 17 U.S.C. §501 *et seq.;* pursuant to 28 U.S.C. §1331 and 1338(a), as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over the Defendant because he has a continuous, systematic, and substantial presence within this judicial district.  For example, by selling and offering for sale infringing products in this judicial district, and by committing acts of copyright, trade dress and/or trademark infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, Defendant's acts form a substantial part of the events or omissions giving rise to mophie's claims.

**VENUE**

3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c).

**THE PLAINTIFF**

4.     mophie, Inc., is a California corporation with its principal place of business at 15101 Red Hill Avenue, Tustin, CA 92780.  mophie, Inc. is referred to herein as "mophie" or "Plaintiff."

**THE DEFENDANTS**

5.     Plaintiff is informed and believes that Defendant Data Flash, Inc. ("Data Flash") is a Canadian business located at 91 Towngate Dr., Suite 806 Thornhill, ON L4J 8E8 Canada.  Data Flash markets and sells products throughout the United States, including in Los Angeles County, California.

6.     On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate Plaintiff's rights as alleged herein, but Plaintiff is ignorant of their true identity or complete role in the alleged conduct and therefore sues them by the fictitious names DOES 1 to 10. Plaintiff is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which Plaintiff alleges in this Complaint.  Plaintiff will seek to amend this Complaint to state the true identities of Does 1 through 10 when ascertained.

7.     On information and belief, each of the Defendants was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship.  The Defendants have committed acts in furtherance of the conspiracy,

1   have given aid and encouragement to the co-conspirators and have ratified and

2   adopted the acts of their co-conspirators.

3

4        8.     On information and belief, there exists, and at all times herein mentioned

5   there existed, a unity of interests and ownership between Defendants such that any

6   individuality and separateness between the Defendants never existed or has ceased to

7   exist, and the Defendants are in each instance the alter ego of the other Defendants

8   who control each entity.  To adhere to the fiction of the separate existence of the

9   entities as separate and distinct from the Defendants identified with them as owning

10   and controlling them would permit an abuse of the corporate and other entity

11   privileges and would sanction fraud and would promote injustice.

12

13               **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14

15                     **THE MOPHIE PRODUCTS**

16        9.     mophie designs and develops innovative products in the consumer

17   electronics area.  These products include several protective battery case designs for

18   the iPhone sold by Apple, Inc. ("Apple") and other smartphones, which provide both

19   a protective case and a portable backup battery source that can recharge the

20   smartphone if its internal battery is drained of power.  Throughout the United States,

21   mophie is a market leader in protective battery case products for iPhone and other

22   smartphones.  mophie distributes in California and throughout the United States its

23   innovative cell phone cases, cell phone chargers, extenders, and other accessory

24   products ("mophie Products") utilizing Plaintiff's distinctive trademarks and trade

25   dress.  mophie Products include **mophie's juice pack plus®,** a rechargeable external

26   battery case .

27

28

10.   Prior to Defendant's acts described herein, mophie developed and launched the **juice pack®**, the first ever portable battery case certified by Apple. mophie has developed and launched numerous other well-known portable battery cases, including the juice **pack plus®**, the **juice pack air®**, and the **juice pack pro®** Apple has sold the **juice pack®** and other mophie-designed battery cases in its retail stores.  Products designed by mophie are also sold in other retail outlets around the country, and over the Internet.  These battery case products have been very successful in the marketplace.  Customers who purchase products from mophie have come to expect a high level of quality in these products, and this expectation of quality is further enhanced by the fact that mophie has been qualified by Apple as an approved supplier.

11.   In order to protect mophie's investment in the development of its proprietary technology, mophie has obtained United States trademarks, and copyrights.

### MOPHIE'S TRADEMARKS AND TRADE DRESS

12.   All genuine mophie Products bear one or more trademarks (a) which are federally registered on the principal register (hereafter "mophie Trademarks") of the United States Patent and Trademark Office ("USPTO").  The mophie Trademarks include:

**mophie®**                    Federal Registration No.  3,227,723

**mophie®**                    Federal Registration No.  3,949,983

049-004 140922 Complaint                    **5**

| | |
|---|---|
| **juice pack®** | Federal Registration No.  4,286,345 |
| **juice pack plus®** | Federal Registration   No. 4,331,770 |
| **mophie juice pack®** | Federal Registration No.  4,065,937 |
| **mophie juice pack plus®** | Federal Registration No. 4,065,942 |
| Letter "M" in a circle | Federal Registration No. 3,581,443 |

Attached hereto as **Exhibits 1-7** are true and correct copies of mophie's trademark registrations for those three trademarks, which are incorporated herein by reference.

13.    As a result of mophie's widespread use and display of the mophie Trademarks in association with its battery cases, (a) the public has come to recognize and identify battery cases bearing the mophie Trademarks as emanating from mophie, (b) the public recognizes that products bearing the mophie Trademarks constitute high quality products that conform to the specifications created by mophie, and (c) the mophie Trademarks have established strong secondary meaning and extensive goodwill.

14.    The mophie Marks have not been abandoned, canceled, or revoked.

15.    Each of the mophie Marks identified above constitute an enforceable trademark that uniquely identifies, *inter alia*, battery cases as emanating from, sponsored by, and/or authorized by mophie.

16.     mophie sells battery cases under the mophie Marks bearing distinctive trade dress in distinctive product packaging ("mophie flap box Trade Dress").

17.     As a result of mophie's widespread use and display of the mophie flap box Trade Dress in association with its battery cases, (a) the public has come to recognize and identify battery cases bearing the mophie flap box Trade Dress as emanating from mophie, (b) the public recognizes that products bearing the mophie flap box Trade Dress constitute high quality products that conform to the specifications created by mophie, and (c) the mophie flap box Trade Dress has established strong secondary meaning and extensive goodwill.

18.     mophie is the owner of valid copyrights for its battery case packaging, including Registration No. VA 1-780-916 registered on March 30, 2011, Registration No. VA 1-814-020 registered on February 21, 2012, and Registration No. VA 1-794-977 registered on July 25, 2011 (mophie Copyrights").  Attached as **Exhibits 8-10** are true and correct copies of mophie's copyright registrations and specimens, which are incorporated herein by reference.

19.     mophie is informed and believes, and on that basis alleges, that Defendant has offered for sale and and/or sold products, including battery case products, on its website  www.mophie.com.

20.     Since 2005, Plaintiff has continuously used one or more mophie Trademarks in commerce in the United States.  Based on the extensive advertising by Plaintiff of the mophie Trademarks, and the extensive sales and the widespread popularity of mophie Products, any product bearing one or more of the mophie

Trademarks is immediately associated by purchasers and the public as being a genuine product of mophie.

21.     The packaging in which Plaintiff sells mophie Products (the "mophie Trade Dress") has acquired secondary meaning and has become exclusively associated with Plaintiff in the eyes of consumers.  The mophie Trade Dress is the overall appearance of the packaging and advertising of mophie Products, including but not limited to each of the following elements individually and in combination with one another:  a soft-touch plastic exterior; sliding two-part construction; four small indicator lights to the left of a larger indicator button; sans-serif white typeface on a dark background.  The mophie Trade Dress is non-functional and has been in use in commerce since at least 2013.

22.     Plaintiff owns all of the right, title and interest in the United States to the mophie Trademarks and the goodwill associated with them and to the mophie Trade Dress and the goodwill associated with it and to the mophie Copyrights.

23.     Mophie has not authorized Defendant to use any of mophie's Trademarks, the mophie Trade Dress, or the mophie Copyrights.

24.     Defendant sold battery case products into the County of Los Angeles, California.  On August 11, 2014 Defendant sold a mophie juice pack charger case to be shipped to Los Angeles and it was shipped to Los Angeles and received in Los Angeles.

## THE COUNTERFEIT PRODUCTS

25.     Defendants are distributing and selling in the United States, and into the City of Los Angeles imitations of genuine mophie Products including cell phone cases (referred to individually as a "Counterfeit Product" and collectively as "Counterfeit Products"). Certain of the Counterfeit Products are offered on eBay as "mophie juice pack plus products". Plaintiff alleges, on information and belief, that the copying was intentional, willful and malicious, intending to deceive consumers. The Counterfeit Products were not made by mophie. Plaintiff did not authorize Defendants to sell Counterfeit Products.

26.     The Counterfeit Products appear to be designed to look identical to genuine mophie Products and Plaintiff alleges, on information and belief, that they were designed to look identical.

27.     The **mophie juice pack plus®** is packaged in a rectangular matte black box with sans-serif white and metallic typeface and with a transparent plastic face through which the product is visible. At the top of the front of the box is the mophie "M" logo in a circle and the words **mophie juice pack®**. The mophie "M" logo in a circle and the words **mophie juice pack®** appears on the top of the back of the box and the mophie "M" logo appears on each of the sides of the box. The product inside the packaging includes: a soft-touch plastic exterior; the word "mophie" impressed into the bottom front of the product; four indicator lights and an indicator button in a line across the back of the product; and a shallow camera cutout. The power cable included with the product incorporates an impressed mophie "M" logo in a circle.

28.     The packaging in which Defendants sell Counterfeit Products appears to be designed to look identical to the mophie Trade Dress and Plaintiff alleges, on

1    information and belief, that they were designed to look identical and that Defendant

2    willfully and intentionally misappropriated the mophie Trademarks and the mophie

3    Trade Dress.

4

5        29.    Defendants' Counterfeit Products misappropriate the mophie

6    Trademarks and the mophie Trade Dress.

7

8        30.    The Counterfeit Products appears nearly identical to the mophie **juice**

9    **pack plus®**. The Counterfeit Products differ from the genuine mophie Products in at

10   least two ways: the shape of the opening for the cell phone's camera in a genuine

11   mophie Product differs from the shape of the opening for the cell phone camera in the

12   Counterfeit Product sold by Defendants.  The shape of the joint where the two parts

13   of a counterfeit case come together differs from of the shape of the joint where the

14   two parts of a case come together.

15

16                    **DEFENDANTS' WRONGFUL ACTIVITIES**

17       31.    Plaintiff alleges on information and belief that Defendants are

18   distributing and selling the Counterfeit Products in an attempt to unfairly capitalize

19   on the mophie Trademarks, the mophie unregistered trademarks, the mophie Trade

20   Dress, and the goodwill Plaintiff has acquired.  Plaintiff alleges on information and

21   belief that Defendants' advertising and sale of the Counterfeit Products are efforts to

22   confuse and deceive consumers into believing the Counterfeit Products are made,

23   sponsored or endorsed by Plaintiff.

24

25                    **PLAINTIFF'S LOST PROFIT DAMAGES**

26       32.    As a direct and proximate result of Defendants' counterfeiting and

27   infringement of the mophie Trademarks and sale of Counterfeit Products, Plaintiff has

28

suffered damages in the form of reduced revenue in an amount that will continue to increase over time.  Plaintiff will amend its pleadings, at or before trial, to conform to proof to state the amount of the Plaintiff's damages.

### DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED

33.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiff will amend its pleadings, at or before trial, to conform to proof to state the amount of profits that Defendants have wrongfully obtained as a result of their wrongful conduct.

### FIRST CLAIM FOR RELIEF
### FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT
### UNDER 15 U.S.C. §1114
### AGAINST ALL DEFENDANTS

34.    Plaintiff incorporates and realleges paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.    The uses of the mophie Trademarks and the mophie flap box Trade Dress by Defendants on the Counterfeit Products, which Defendants developed, distributed, offered for sale and sold, tends to and is more than likely to confuse and deceive consumers into believing that the counterfeit mophie Products are genuine.  In fact, the purported mophie Products supplied by Defendants are not genuine mophie Products and bear counterfeit and infringing copies of mophie Trademarks.

36.    The acts of Defendants have been committed without the consent of Plaintiff.  The acts of Defendants are likely to cause confusion and mistake in the minds of the purchasing public, and, in particular, tend to and do falsely create the

impression that the Counterfeit Products sold by Defendants are manufactured, distributed, warranted, authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

37.     Plaintiff has suffered damages in the form of increased costs and reduced revenue and will continue to do so as Defendants continue their infringing and counterfeiting activities.

38.     As a proximate result of their wrongful conduct, Defendants have been unjustly enriched as alleged above.  Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

39.     Plaintiff has no adequate remedy at law.  Monetary compensation will not afford Plaintiff adequate relief.  The acts and omissions of Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the mophie Trademarks, Plaintiff will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant to 15 U.S.C. §1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. §1114.

40.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional counterfeiting infringement of the mophie Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C.

§1114.  The willfulness of the counterfeiting and infringement by the Defendants is evidenced by the similar appearance of the counterfeits.  The Defendants' activities are in total disregard of the rights of Plaintiff.  As a result, Plaintiff is further entitled to damages and remedies as provided by 15 U.S.C. §§1116 and 1117.

## SECOND CLAIM FOR RELIEF

## FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125

## AGAINST ALL DEFENDANTS

41.    Plaintiff incorporates and realleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.    The mophie Trade Dress and mophie unregistered trademarks have acquired secondary meaning and are uniquely associated with Plaintiff in the minds of consumers.

43.    Defendants' use of trade dress elements identical to those used in the mophie Trade Dress for the packaging of Counterfeit Products infringes the mophie Trade Dress by confusing and deceiving consumers as to the source or sponsorship of the Counterfeit Products.  Defendants' use of names and marks that are identical to the mophie unregistered trademarks infringes the mophie unregistered trademarks by confusing and deceiving consumers as to the source or sponsorship of the Counterfeit Products. Defendants' conduct constitutes infringement of Plaintiff's unregistered trademarks and unfair competition in violation of 15 U.S.C. §1125(a).

44.    Defendants' acts have caused and will continue to cause Plaintiff to suffer injury to its business, goodwill and property.

45.    Plaintiff has suffered damages in the form of increased costs and reduced revenue.

46.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

47.    Plaintiff has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the mophie unregistered trademarks and mophie Trade Dress, Plaintiff will continue to suffer irreparable harm.

48.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Plaintiff, the mophie unregistered trademarks, the mophie Trade Dress and the mophie Products, and to cause injury to Plaintiff.  As such, this is an exceptional case within the meaning of 15 U.S.C. §1117(a) and damages should be trebled and attorneys' fees awarded.

**THIRD CLAIM FOR RELIEF**

**FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION**

**(15 U.S.C. §1125(a))**

**AGAINST ALL DEFENDANTS**

49.     Plaintiff incorporates and realleges paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50.     As alleged herein, Defendants' conduct constitutes a false designation of origin and a false representation that the Counterfeit Products are sponsored by, associated with or produced by mophie.

51.     Plaintiff has suffered damages in the form of increased costs and reduced revenue and they will continue to increase.

52.     As a proximate result of their wrongful conduct, Defendants have been unjustly enriched as alleged above.  Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

53.     Plaintiff has no adequate remedy at law.  Monetary compensation will not afford Plaintiff adequate relief.  The acts and omissions of Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including the false designation of origin and false representations, Plaintiff will continue to suffer irreparable harm.   Injunctive relief is therefore

1  appropriate pursuant to 15 U.S.C. §1116 to prevent Defendants from engaging in any

2  further violations of 15 U.S.C. §1125(a).

3

4  54.  Upon information and belief, the activities of the Defendants complained

5  of herein constitute willful and intentional infringement of mophie Trademarks in

6  violation of the Lanham Act, including, but not limited to, 15 U.S.C. §1125(a).  The

7  willfulness of the Defendants' conduct is evidenced by the similar appearance of

8  Counterfeit Products and the false designations of origin and false representations.

9  The activities of Defendants are in total disregard of the rights of Plaintiff.  As a result,

10  Plaintiff is further entitled to damages as provided by 15 U.S.C. §§1116 and 1117.

11

12  **FOURTH CLAIM FOR RELIEF**

13  **FOR COMMON LAW TRADEMARK INFRINGEMENT AND**

14  **UNFAIR COMPETITION**

15  **AGAINST ALL DEFENDANTS**

16  55.  Plaintiff alleges and incorporates by reference each and every allegation

17  contained in Paragraphs 1 through 54, as if fully set forth herein.

18

19  56.  Defendants use unfair trade practices to develop, manufacture and sell

20  Counterfeit Products in competition with mophie.

21

22  57.  This common law unfair competition includes, but is not limited to, the

23  following separate activities:

24

25  a.  the development of Counterfeit Products;

26

27  b.  the marketing and advertising of Counterfeit Products;

28

1          c.     the transportation and delivery of Counterfeit Products;

2

3          d.     the distribution and sale of Counterfeit Products; and

4

5          e.     other such acts of unfair competition.

6

7      58.    As a proximate result of their wrongful conduct, Defendants have been

8 unjustly enriched.  Plaintiff demands, and is entitled to an accounting from each of

9 the Defendants, including all information necessary to permit Plaintiff to determine

10 the gains, profits and advantages that Defendants have obtained by reason of their

11 wrongful conduct described herein.

12

13      59.    Plaintiff has suffered damages in the form of increased costs and reduced

14 revenue as alleged above and they will continue to increase.

15

16      60.    As a proximate result of their wrongful conduct, Defendants have been

17 unjustly enriched as alleged above.  Plaintiff demands and is entitled to an accounting

18 from each of the Defendants, including all information necessary to permit Plaintiff

19 to determine the gains, profits and advantages that Defendants have obtained by

20 reason of their wrongful conduct described herein.

21

22      61.    Plaintiff has no adequate remedy at law.  Monetary compensation will

23 not afford Plaintiff adequate relief.  The acts and omissions of Defendants as alleged

24 herein will engender the need for a multiplicity of judicial proceedings and will cause

25 damages to Plaintiff that are difficult, if not impossible, to measure.   Unless

26 Defendants are preliminarily and permanently enjoined from committing the unlawful

27 acts alleged, Plaintiff will continue to suffer irreparable harm.  Injunctive relief is

28

therefore appropriate to prevent Defendants from engaging in any further acts of unfair competition.

62.     The conduct of Defendants is fraudulent, malicious and oppressive.  The Defendants have engaged in the illegal development, transportation, delivery, distribution and sale of Counterfeit Products.   The conduct of Defendants is despicable.  Their conduct subjects Plaintiff to cruel and unjust hardship by which its rights are brazenly attacked and stolen.  The conduct of Defendants is done willfully and Defendants engage in their misconduct in conscious disregard of the rights of Plaintiff.  Punitive damages should be awarded to punish Defendants and deter similar conduct in the future.

### FIFTH CLAIM FOR RELIEF
### FOR STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING
### UNDER CAL. BUS. & PROF. CODE §§17200 AND 17500
### AGAINST ALL DEFENDANTS

63.     Plaintiff incorporates and realleges paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64.     Defendants' actions constitute infringement of Plaintiff's common law rights in the mophie Trademarks, the mophie unregistered trademarks and the mophie Trade Dress.

65.     Defendants' unfair business practices, acts of infringement and misleading advertising practices as herein alleged are in violation of California Business and Professions Code, §17200, et seq., and California Business and Professions Code, §17500, et seq.

66.     In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Plaintiff's rights. Defendants have obtained revenue and profit by their acts of unfair competition and they should be ordered to disgorge all such revenue and profit.  Defendants will continue such unfair and fraudulent business practices unless and until they are restrained.

67.     Plaintiff has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the mophie Trademarks and mophie Trade Dress, Plaintiff will continue to suffer irreparable harm.

## SIXTH CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§501-505)
## AGAINST DEFENDANT

68.     Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 67, as though fully set forth herein.

69.     After the mophie Copyrights were issued Defendants infringed the mophie Copyrights by publishing and selling the Counterfeit Products in Counterfeit mophie Trade Dress which are copies of the mophie Products and mophie Trade Dress.

70.     As a proximate result of their wrongful conduct, Defendant has been unjustly enriched as alleged above.  Plaintiff demands and is entitled to an accounting

1  from the Defendant, including all information necessary to permit Plaintiff to

2  determine the gains, profits and advantages that Defendant has obtained by reason of

3  their wrongful conduct described herein.

4

5  71.  Plaintiff has no adequate remedy at law.  Monetary compensation will

6  not afford Plaintiff adequate relief.  The acts and omissions of Defendant as alleged

7  herein will engender the need for a multiplicity of judicial proceedings and will cause

8  damages to Plaintiff that are difficult, if not impossible, to measure.  Unless Defendant

9  is preliminarily and permanently enjoined from committing the unlawful acts alleged,

10  including the false designation of origin and false representations, Plaintiff will

11  continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant

12  to 17 U.S.C. §502 to prevent Defendant from engaging in any further violations of 17

13  U.S.C. §501.

14

15

16

17  **PRAYER**

18  **WHEREFORE**, Plaintiff prays for judgment as follows:

19

20  1.  For preliminary and permanent injunctive relief against all Defendants,

21  and each of them, and their officers, agents, attorneys, representatives and assigns,

22  and all persons acting in active concert or participation with them, from doing any of

23  the following acts, either directly or indirectly, and from doing any act prefatory to

24  the prohibited acts:

25

26  a.  Developing, manufacturing, marketing, advertising, acquiring,

27  transporting, distributing, developing, offering to sell or selling any Counterfeit

28

Product bearing any counterfeit mophie Trademark or any counterfeit unregistered mophie Trademark or any counterfeit mophie Trade Dress;

b. Using any mophie Trademark or any unregistered mophie Trademark or any mophie Trade Dress in connection with their business;

c. Otherwise infringing any mophie Trademark or any unregistered mophie Trademark or any mophie Trade Dress;

d. Causing likelihood of confusion, deception, or mistake as to the source, nature, or quality of the goods of Defendants;

e. Using any false designation of origin or false representation concerning any mophie product;

f. Misrepresenting to anyone that they are authorized mophie manufacturers or distributors;

g. Misrepresenting to anyone that they carry, distribute or sell genuine mophie Products or that they obtain their products directly from mophie;

h. Selling and distributing damaged mophie Products;

i. Any acts of unfair competition or unfair practice involving or affecting any mophie Trademark or any unregistered mophie Trademark or any mophie Trade Dress or any mophie Product; and

1                 j.       Copying any material covered by the mophie Copyrights;

2

3                 k.       Soliciting, assisting, aiding or abetting any other person or

4 business entity in engaging in or performing any of the activities referred to  in    the

5 above subparagraphs "a" through "j".

6

7         2.       For an order directing Defendants, and each of them, to file with this

8 Court and serve on Plaintiff within 30 days after service of an injunction, a report in

9 writing under oath, setting forth in detail the manner and form in which Defendants

10 have complied with the injunction;

11

12         3.       For an order requiring Defendants, and each of them, to deliver to

13 Plaintiff:

14

15                 a.       All products, literature, and other material bearing any

16 counterfeits of any mophie Trademark or any unregistered mophie Trademark or any

17 mophie Trade Dress or any other infringement of Plaintiff's intellectual property or

18 which falsely identifies the source of any products; and

19

20                 b.       Printing devices, packing, advertising or any other items used in

21 the manufacture, publicity, advertising or sale of products bearing any counterfeits of

22 any mophie Trademark or any unregistered mophie Trademark or any mophie Trade

23 Dress.

24

25         4.       For an order requiring Defendants to account for all sales and transfers

26 of any of the Counterfeit Products, including an order that they submit to Plaintiff

27

28

immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Counterfeit Products;

5.     For an accounting from each Defendant of all profits, monies and advantages that Defendants have obtained by reason of their wrongful conduct;

6.     For a seizure of all Counterfeit Products;

7.     For expedited discovery on the subject of the suppliers and purchasers of Defendants of Counterfeit Products in order that Plaintiff can quickly locate the source and locations of these illegal products;

8.     For damages and remedies as provided by 15 U.S.C. §§1116 & 1117; including statutory damages as provided by 15 U.S.C.  §1117 (c) (1) & (2) of $400,000 for the use of two counterfeit marks and for statutory damages for willful use of two counterfeit marks of not more than $4,000,000

9.     For damages and remedies as provided by 15 U.S.C. §1125;

10.     For damages and remedies as provided by 17 U.S.C. §§502-505

11.     For damages and remedies as provided by 19 U.S.C. §1526;

12.     For damages according to proof and for all gains, profits, or advantages derived by Defendants by their unfair trade practices and unfair competition to the fullest extent allowed by common law but not less than $200,000;

13.     For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to Plaintiff to the fullest extent allowed by law;

14.     For punitive and exemplary damages in an amount sufficient to punish defendants and deter such conduct in the action;

15.     For attorneys' fees;

16.     For costs; and

17.     For such other and further relief as the Court deems just and proper.

Dated:  September 22, 2014                    William C. Conkle, member of
                                              CONKLE & OLESTEN, P.C.


                                              By:  /William C. Conkle/
                                                   William C. Conkle
                                                   Attorneys for Plaintiff mophie, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Plaintiff mophie, Inc. demands trial by jury of all issues triable by a jury.

Dated:  September 22, 2014                    William C. Conkle, member of
                                              CONKLE & OLESTEN, P.C.


                              By:   /William C. Conkle/
                                    _____
                                    William C. Conkle
                                    Attorneys for Plaintiff mophie, Inc.